IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH BOCHNER, | | |
| | Plaintiff, | CIV S-11-3416 LKK CKD PS |
| v. | | |
| ARTHUR MUNOZ, et al., | | FINDINGS AND RECOMMENDATIONS |
| | Defendants. | |
| _____/ | | |

      Defendants' motion for summary judgment came on regularly for hearing March 13, 2013. Joseph Bochner appeared in propria persona. Gayle Tonon appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

      In this action, plaintiff alleges his civil rights were violated in connection with his arrest for DUI. Named as defendants are the arresting officer (Arthur Munoz) and his employer, the Town of Truckee. Plaintiff alleges he was arrested on a false charge of DUI on December 22, 2009 by defendant Munoz. Plaintiff asserts he was arrested because defendant Munoz was engaged in a contest to make the most DUI arrests. Plaintiff alleges that a contemporaneous blood test showed plaintiff had a .04 BAC.

/////

1      Summary judgment is appropriate when it is demonstrated that there exists "no
2 genuine issue as to any material fact and that the moving party is entitled to a judgment as a
3 matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions
> on file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

   If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

1  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
2  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
3  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
4  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
5  1436 (9th Cir. 1987).

6        In the endeavor to establish the existence of a factual dispute, the opposing party
7  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
8  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
9  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
10 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
11 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
12 committee's note on 1963 amendments).

13       In resolving the summary judgment motion, the court examines the pleadings,
14 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
15 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
16 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
17 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
18 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
19 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
20 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
21 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
22 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
23 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
24 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
25 /////
26 /////

Defendant Munoz moves for summary judgment on the basis of qualified immunity.[1] Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court considers two questions. The first question asks whether the facts alleged, viewed in the light most favorable to the party asserting the injury, comprise the violation of a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). A negative answer ends the analysis, with qualified immunity protecting defendant from liability. Id. If a constitutional violation occurred, the court further inquires "whether the right was clearly established." Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. at 202. The inquiry into whether a right was clearly established "must be taken in light of the specific context of the case, not as a broad general proposition." Id. at 201. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). It is plaintiff's burden to show that the right at issue was clearly established. Alston v. Reed, 663 F.3d 1094, 1098 (9th Cir. 2011). A negative answer to either question means immunity from suit is appropriate. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

/////

---

[1] At the hearing, plaintiff requested additional time to complete discovery. This action has been pending since December 22, 2011. Plaintiff fails to show, by affidavit or declaration, specified reasons he cannot present facts essential to justify opposition to the pending motion. See Fed. R. Civ. P. 56(d). The court also notes that "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200, (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Plaintiff argues that defendant Munoz is not entitled to qualified immunity because there was no probable cause for the initial stop of his vehicle and there was no probable cause to arrest him for DUI. Neither of plaintiff's contentions are well taken. The crime/incident report indicates that plaintiff's vehicle was stopped for passing on the right shoulder and driving at an unsafe speed. Def. Exh. C. A review of the videotape supports defendant's reasonable belief that a stop of plaintiff's vehicle in the circumstances presented here did not violate any of plaintiff's constitutional rights. Def. Exh. A (DVD recording of incident); Cal. Vehicle Code § 22350 (California basic speed law); see also Def. Exh. C at p. 4 (officer reported that vehicle "clearly violated" Vehicle Code); Whren v. U.S., 517 U.S. 806 (where officer has probable cause to believe traffic code has been violated, stop is reasonable under the Fourth Amendment). With respect to plaintiff's claim that there was no probable cause to arrest him for DUI because of his willingness to undergo a blood test after declining a field sobriety test,[2] the undisputed evidence establishes that the arresting officer smelled alcohol on plaintiff's breath. Because of plaintiff's refusal to comply with a field sobriety test, there were no other means at the site of the traffic stop for defendant to determine whether plaintiff's blood alcohol concentration exceeded the legal limit. In these circumstances, arresting plaintiff for suspicion of driving under the influence, based on the objective symptoms of alcohol intoxication, did not violate plaintiff's constitutional rights. Defendant Munoz is therefore entitled to qualified immunity for his actions.

Plaintiff also names as a defendant the Town of Truckee. Plaintiff alleges that this defendant had a custom of having its police officers engage in a contest to see who could arrest the most people on alleged DUI charges. As evidence of this custom, plaintiff submits

---

[2] Plaintiff submits the declaration of Greg Kane, an alleged expert on the subject of field sobriety tests. Whether the field sobriety test is a scientifically accurate test is irrelevant to the question of whether defendant Munoz had probable cause to arrest a person on which defendant "could smell the distinct odor of alcohol coming from his mouth as he spoke." See Def. Exh. C at p. 4.

1  inadmissible evidence regarding recognition of defendant Munoz for the number of DUI arrests
2  made by this officer.[3]  Defendant submits the declaration of Police Chief McGill,[4] who declares
3  that he reviewed the policies and procedures in place at the time of the incident and that no
4  contest existed or was in progress from the year 2001 to the present that pertained to DUI arrests.
5  See McGill decl. at 2:3-8.  Plaintiff fails to adduce controverting evidence supporting a custom
6  or policy sufficient to give rise to municipal liability.  See Monell v. Department of Social Servs.,
7  436 U.S. 658 (1978) (liability of municipality under section 1983 must rest on official policy
8  giving rise to the alleged constitutional deprivation).  Moreover, as discussed above, the stop of
9  plaintiff's vehicle for a traffic violation and the arrest of plaintiff for DUI did not violate
10 plaintiff's constitutional rights.  As such, plaintiff cannot establish that a policy or practice of the
11 defendant Town of Truckee caused any constitutional violation.  See City of Los Angeles v.
12 Heller, 475 U.S. 796, 799 (1986) (per curiam) (even where departmental regulations may
13 authorize use of constitutionally excessive force, no liability can attach where officer inflicted no
14 constitutional harm); see also Simmons v. Navajo Cnty., 609 F.3d 1011, 1021 (9th Cir. 2010).
15 The motion for summary judgment should therefore be granted as to both defendants.

16        Although defendants should be granted summary judgment on the claims alleged
17 in plaintiff's complaint, plaintiff in opposition to the pending motion has raised two additional
18 claims.  Plaintiff asserts that his constitutional rights were violated in connection with the
19 warrantless search of his car after his arrest on the DUI charge and that defendant Munoz groped
20 plaintiff's genitals while conducting a pat-down search incident to the arrest.  On the present
21 state of the pleadings and evidentiary record, the court cannot determine whether plaintiff has
22 viable claims with respect to these issues.  See, e.g. Arizona v. Gant, 556 U.S. 332, 351 (2009)
23 (vehicle of a recent occupant may be searched incident to arrest as an exception to the warrant

---

[3] The court declines to take judicial notice of news articles.

[4] Plaintiff's objections to the McGill declaration are overruled.

requirement where it is reasonable to believe the vehicle contains evidence of the offense of arrest); cf. Gant, 556 U.S. at 355 (Justice Alito in dissent noted that new rule articulated in Gant is "virtually certain to confuse law enforcement officers and judges for some time to come"). Leave to amend should therefore be granted as to the newly raised claims.

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1. Defendants' motion for summary judgment (dkt. no. 19) be granted; and

        2. Plaintiff be granted leave to amend the complaint within thirty days of adoption of these findings and recommendations to allege claims related to the pat-down search of plaintiff and the search of plaintiff's vehicle.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
bochner3416.57

7